UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ROOSEVELT J. ROBINSON, | No. 2:14-cv-0790 MCE AC P |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| PRISIL, et al., | |
| Defendants. | |

Plaintiff filed this complaint in pro per while a county inmate. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

### Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "The pleading must contain something more. . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740

(1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421(1969).

### Plaintiff's Allegations

Plaintiff names the following Solano County Jail (SCJ) psychotherapists as defendants: Dr. Prisil, Dr. Yu, Dr. John, Janet, and Angie. He refers to his "incarceration" at SCJ without specifying whether he was a pretrial detainee, was serving a criminal sentence, or had some other status. Plaintiff alleges that while housed at SCJ beginning in March of 2012, he was seen by defendants on multiple occasions for mental health treatment related to anxiety, depression, risk of suicide and sleeping problems, and was prescribed a number of medications. Since 2013, as the result of overcrowding at SCJ, mental health treatment has been provided at the cell door. Accordingly, the medical files of plaintiff and other inmates have been opened, read and discussed in front of other inmates. Plaintiff filed a grievance about the lack of privacy in dealing with mental health issues, and exhausted his administrative remedies. Plaintiff asserts that the lack of confidentiality impairs the diagnostic process and poses a risk to staff, other inmates and himself. At the time the complaint was filed, plaintiff alleged that he was housed on "A" module with numerous other inmates who also suffered from a lack of adequate medical care as a result of prison overcrowding. He purports to bring this as a class action on behalf of himself and these other inmates. Plaintiff seeks money damages. Complaint, at 3-4.

### Class Action

Although plaintiff files this action naming only himself as plaintiff, he purports to be bringing a class action. Plaintiff has made no motion pursuant to Fed. R. Civ. P. 23, seeking to have the court certify the instant matter as a class action. Moreover, plaintiff is a non-lawyer proceeding without counsel. It is well established that a layperson cannot ordinarily represent the interests of a class. See Fed. R. Civ. P. 23(a)(4)(requiring that class representative be able "to fairly and adequately protect the interests of the class"); see also, McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966)(lay person lacks authority to appear as an attorney for others). This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding pro se. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). In direct terms,

1  plaintiff cannot "fairly and adequately protect the interests of the class," as required by Rule
2  23(a)(4) of the Federal Rules of Civil Procedure.  See Martin v. Middendorf, 420 F. Supp. 779
3  (D.D.C. 1976).  "[C]ourts have routinely adhered to the general rule prohibiting pro se plaintiffs
4  from pursuing claims on behalf of others.  Plaintiff's privilege to appear in propria persona is a
5  'privilege ... personal to him.  He has no authority to appear as an attorney for others than
6  himself.'"  McShane v. U. S., 366 F.2d 286, 288 (9th Cir.1966), citing Russell v.United States,
7  308 F.2d 78, 79 (9th Cir. 1962); Collins v. O'Brien, 93 U.S. App. D.C. 152, 208 F.2d 44, 45
8  (1953), cert. denied, 347 U.S. 944 (1954).  Therefore, it is likely that plaintiff can bring this
9  action only on his own behalf.  Accordingly, this action will not presently be construed as a class
10 action and, instead, will proceed as an individual civil suit brought by plaintiff.

11              Unconstitutional Mental Health Care Claim

12         It is not clear whether plaintiff was a pretrial detainee or a convicted prisoner during the
13 period of which he complains.  The Fourteenth Amendment, and not the Eighth Amendment,
14 applies to pretrial detainee cases.  Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979).
15 Notwithstanding, the Ninth Circuit has determined that while the Fourteenth Amendment's Due
16 Process Clause applies to pretrial detainees, rather than the Eighth Amendment's prohibition
17 against cruel and unusual punishment, the same standards apply in both cases.  Simmons v.
18 Navajo County, Ariz., 609 F.3d 1011, 1017-18 (9th Cir. 2010) (citing Bell v. Wolfish, 441 U.S.
19 520, 53[5] n. 16); Clouthier v. County of Contra Costa, 591 F.3d 1232, 1243-44 (9th Cir. 2010)
20 (rejecting the argument that mentally ill pretrial detainees are entitled to greater protection under
21 the Fourteenth Amendment); Redman v. County of San Diego, 942 F.2d 1435, 1440-41 (9th Cir.
22 1991) (en banc), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1994).  "We
23 have long analyzed claims that correction facility officials violated pretrial detainees'
24 constitutional rights by failing to address their medical needs (including suicide prevention) under
25 a 'deliberate indifference' standard."  Clouthier, 591 F.3d at 1241.

26         A prison official cannot be liable for deliberate indifference unless
           he or she "knows of and disregards an excessive risk to inmate
27         health or safety; the official must both be aware of facts from which
           the inference could be drawn that a substantial risk of serious harm
28         exists, and he must also draw the inference."  Farmer v. Brennan,

> 511 U.S. 825, 837[]. In other words, a plaintiff must show that the official was "(a) subjectively aware of the serious medical need and (b) failed adequately to respond." Conn v. City of Reno, 591 F.3d 1081, 1096 (9th Cir.2010) (citing Farmer, 511 U.S. at 828, 114 S.Ct. 1970), petition for cert. filed, 78 U.S.L.W. 3670, ––– U.S. —, 131 S.Ct. 1812, 179L.Ed.2d 769 (2010).

Simmons v. Navajo County, 609 F.3d at 1017-18.

While overcrowding itself is not a violation of the Eighth Amendment, "[i]t can, under certain circumstances, result in specific effects which can form the basis for an Eighth Amendment violation." Hoptowit v. Ray, 682 F.2d 1237, 1249 (9th Cir.1982) (abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995)).  As the Ninth Circuit has emphasized, overcrowding "may dilute other constitutionally required services such that they fall below the minimum Eighth Amendment standards. . . ." Id.; see also Brown v. Plata, 131 S.Ct. 1910 (2011) recognizing, in remedial context, relationship between prison overcrowding and constitutionally deficient mental health care).

In order to state a §1983 claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendants possessed a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 299 (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand).  The requisite state of mind for a medical claim is "deliberate indifference." Hudson v. McMillian, 503 U.S. 1, 5 (1992).

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.  Indications that a prisoner has a serious need for medical treatment are the following:  the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.  See, e.g., Wood v. Housewright, 900 F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01 (9th Cir. 1989).

1  McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX
2  Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

3  In Farmer v. Brennan, 511 U.S. 825 (1994), the Supreme Court established a very
4  demanding standard for "deliberate indifference."  Negligence is insufficient.  Farmer, 511 U.S.
5  at 835.  Even civil recklessness (failure to act in the face of an unjustifiably high risk of harm
6  which is so obvious that it should be known) is insufficient to establish an Eighth Amendment
7  violation.  Id. at 836-37.  It not enough that a reasonable person would have known of the risk or
8  that a defendant should have known of the risk.  Id. at 842.  Rather, deliberate indifference is
9  established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to
10 inmate health and safety."  Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (internal
11 citation omitted) (emphasis added).

12 Plaintiff may be able to frame cognizable claims of an Eighth Amendment violation for
13 deliberate indifference in the manner of his mental health treatment, but he has not alleged how
14 any named defendant specifically subjected him to a deprivation of his constitutional rights.  Nor
15 has he adequately alleged that during cell door consultations his mental health treatment was so
16 compromised as to result in further significant injury or the unnecessary and wanton infliction of
17 pain.

18 The Civil Rights Act under which this action was filed provides as follows:

19 > Every person who, under color of [state law] . . . subjects, or causes
20 > to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at
21 > law, suit in equity, or other proper proceeding for redress.

22 42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the
23 actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
24 Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
25 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the
26 meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or
27 omits to perform an act which he is legally required to do that causes the deprivation of which
28 complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

For these reasons, the complaint will be dismissed but plaintiff will be granted leave to amend.

### Fourteenth Amendment Informational Privacy Claim

Plaintiff may be attempting to claim that his constitutional privacy rights were violated. The constitution protects the individual interest in avoiding disclosure of personal matters. Whalen v. Roe, 429 U.S. 589, 599 (1977).  This includes medical information.  See Doe v. Attorney Gen. of U.S., 941 F.2d 780, 795 (9th Cir. 1991); Norman-Bloodsaw v. Lawrence Berkeley Lab., 135 F.3d 1260, 1269 (9th Cir. 1998); Tuscon Women's Clinic v. Eden, 379 F.3d 531, 551 (9th Cir. 2004).  The government's disclosure of private medical information is subject to a balancing test in which the individual's privacy rights are weighed against the need for disclosure.  Doe, 941 F.2d at 796.  In the prison context, where inmates have generally reduced privacy rights, the state's legitimate penological interests are accorded significant weight.  See Seaton v. Mayberg, 610 F.3d 530, 534-35 (9th Cir. 2010).

The complaint will be dismissed for the reasons previously stated, but plaintiff will be granted leave to amend.

### Amendment

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.

1   Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012) ("the general rule is that an amended complaint super[s]edes the original complaint and renders it without legal effect... .")  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this order.  Failure to file an amended complaint will result in a recommendation that the action be dismissed.

DATED: September 22, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE