UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ROOSEVELT J. ROBINSON, | No. 2:14-cv-790 MCE AC P |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| PRISIL, et al., | |
| Defendants. | |

Defendants Yuo, Jin, and and Meyer-Mitchell[1] were served by the United States Marshal on May 11, 2017. ECF Nos. 29 & 32. The Marshal subsequently filed a request for reimbursement for costs of personal service (ECF No. 31) after indicating that these defendants failed to respond to a waiver of service form mailed on February 9, 2017 (ECF No. 32). The court ordered defendants to submit the reimbursement unless, within fourteen days, they filed a written statement which demonstrated good cause for their failure to waive service. ECF No. 33. Defendants have filed a reply to the court's order. For the reasons stated below, the court will vacate its previous order requiring defendants to submit reimbursement.

Federal Rule of Civil Procedure 4(d)(1) imposes a duty on defendants "to avoid

---

[1] Plaintiff named these defendants as "Yu", "Angie", and "Janet" in his amended complaint and the court directed service for them based on this information. See ECF Nos. 13 & 20. The Clerk of Court will be directed to update the docket to reflect their correct names.

1

unnecessary expenses of serving the summons." Rule 4(d)(2) requires that the court tax costs of service of process on any defendant who fails to show good cause for failing to sign and return a timely waiver of service. Fed. R. Civ. P. 4(d)(2). Here, defendants appear to argue that they never received the waiver forms. They note that the requests for waiver were served at Solano County Jail – the location specified by plaintiff in his complaint – where each defendant no longer worked at the time of the service attempt. Defendants' counsel states that Yuo last worked at the jail in June of 2014, Jin last worked there in October of 2016, and Meyer-Mitchell last worked there in November of 2014. ECF No. 34 at 2. Good cause for excusing failure to waive service exists where the defendants never received the request for waiver. See Double S Truck Line, Inc. v. Frozen Food Express, 171 F.R.D. 251, 253 (D. Minn. 1997) (citing 1993 Advisory Committee Notes to Rule 4).

IT IS THEREFORE ORDERED that:

1. The Clerk of Court shall alter the docket to reflect that:

    a. Defendant "Yu" is appropriately "Yuo";

    b. Defendant "Angie" is appropriately "Angie Jin"; and

    c. Defendant "Janet" is appropriately "Janet Meyer-Mitchell."

2. The Court's order directing defendants Yuo, Jin, and Meyer-Mitchell to submit the costs of personal service to the US Marshal (ECF No. 33) is VACATED.

DATED: July 10, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE